IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSANNE R. R.,<br><br>             Plaintiff,<br><br>     vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:22-cv-00285-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 9). 28 U.S.C. § 636(c). Plaintiff Susanne R. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). Plaintiff's sole argument on appeal is that the ALJ did not properly evaluate all of Plaintiff's symptoms as part of the Residual Functional Capacity (RFC) analysis, specifically, that the ALJ did not consider that Plaintiff had to lie down for a significant portion of the day to elevate her legs (ECF 10). After careful review of the Certified Administrative Record (hereinafter referred to as transcript or Tr. (ECF 12), the parties' briefs (ECF 16 & 19), and relevant authority, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 16) and AFFIRMS the decision of the Commissioner.

## I.     BACKGROUND

Plaintiff applied for DIB in November 2019 (Tr. 198-99). After amendment, Plaintiff alleges that she became disabled on March 1, 2017 (Tr. 15 & 201). Her insured status for purposes of disability benefits ended on September 30, 2020 (Tr. 17). Thus, the relevant time period is March 1, 2017, through September 30, 2020. *See* 20 C.F.R. §§ 404.131(a), 404.320(b)(2) (discussing insured status for purposes of DIB benefits). Plaintiff made a timely request for an administrative law hearing which was held on February 5, 2021 before the Administrative Law Judge (ALJ) Luke Brennan (Tr. 12-33). The Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a).[1] This appeal followed.

At Step 1 of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability (Tr. 17). At Step 2, the ALJ found Plaintiff had severe impairments of lumbar degenerative disc disease, left shoulder degenerative joint disease, right ankle degenerative joint disease with history of foot ligament placement surgery, right knee degenerative joint disease with history of right knee replacement, status post right knee replacement, depressive right posterior tibial tendinitis, right tarsal tunnel syndrome disorder, generalized anxiety disorder, borderline personality disorder, posttraumatic stress disorder and obesity (Tr. 17). At Step 3, the ALJ found that the impairments did not meet or medical equal the severity contemplated by Listings 1.15, 1.16, 1.17, 1.18, 12.04, 12.06, 12.08,

---

[1] Citations are to the 2021 edition of 20 C.F.R. Part 404, which was in effect at the time of the ALJ's decision.

12.15, and because obesity cannot meet a listing, the ALJ considered the medical signs and laboratory findings of record (Tr. 19).

At the interim step between Steps 3 and 4, the ALJ found the Plaintiff retained the RFC to perform sedentary work; that she could lift and/or carry ten pounds occasionally and less than ten pounds frequently; she could sit for a total of up to six hours during an eight-hour day and stand or walk for a total of up to two hours during an eight-hour day; could never walk on uneven surfaces; could occasionally climb ramps or stairs; could never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could occasionally reach overhead; was able to perform simple, routine tasks that could be learned in 30 days or less with an SVP of 1 or 2; and that she was able to have occasional interaction with supervisors, co-workers, and the public (Tr. 21). The ALJ found that Plaintiff could not perform past relevant work at Step 4 but at Step Five found Plaintiff could perform jobs of Bonder Operator, Final Assembler, and Touchup Screener (Tr. 31-32). The ALJ therefore found Plaintiff not disabled (Tr. 33).

## II.   STANDARD OF REVIEW

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The threshold for evidentiary sufficiency under the substantial evidence standard

is "not high." *Biestek*, 139 S.Ct. at 1154. Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S.Ct. at 1157.

### III. DISCUSSION

#### A. The ALJ Appropriately Evaluated Plaintiff's Symptom Complaints

Plaintiff's only argument is that the ALJ did not appropriately consider that she needed to lie down to elevate her legs which is part of the RFC determination (*see* Pl. Br. at 6-12). She has thus waived any challenge to the rest of the ALJ's symptom evaluation. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [the claimant's] contentions that have been adequately briefed for our review."). RFC is an administrative finding that an ALJ makes, based on all relevant medical and other evidence of record, about the most a claimant can do despite her impairments. *See* 20 C.F.R. §§ 404.1545(a)(1), (a)(3), 404.1546(c). The RFC assessment must address the claimant's reported symptoms. *See* 20 C.F.R. § 404.1529; Social Security Ruling (SSR) 16-3p, 2017 WL 5180304. The ALJ's findings are due "particular deference" by the court. *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002).

The ALJ properly considered Plaintiff's contention that she needed to rest to elevate her legs because of her right knee and ankle impairments (Tr. 19 (she claims she "lies down a lot right now"), Tr. 22-23 (swelling in her right knee and ankle and "she spends approximately one-half of the day applying ice and elevating her legs above heart-level . . . whenever lying down")).

4

SSR 16-3p, 2017 WL 5180304, at *2 (the ALJ must consider all of the evidence in the case record and then evaluate a claimant's symptoms and their consistency with the record). The court disagrees with Plaintiff's argument that the mention of these symptoms was "essentially made in passing" and do not qualify as a discussion (ECF 10). As recognized by Plaintiff, the ALJ is not required to discuss every piece of evidence but here the ALJ recognized the reported symptoms and processed them. *See Mounts v. Astrue*, 479 F. App'x 860, 866 (10th Cir. 2012) (recognizing there is a "difference between what an ALJ must consider as opposed to what he must explain in the decision").

After considering the rest of the record, the ALJ found that Plaintiff's statements were not entirely consistent because the objective medical evidence, her prior work history, and her daily activities did not support her allegations of disabling limitations (Tr. 23-30). SSR 16-3p, 2017 WL 5180304, at *8 ("We may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record. We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record[.]").

The ALJ also discussed the relevant objective medical evidence (Tr. 23-26). *See* 20 C.F.R. § 404.1529(c)(4) (an ALJ must consider whether there are conflicts between a claimant's statements and the signs and laboratory findings); *see also* SSR 16-3p, 2017 WL 5180304, at *5 ("Symptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques. However, objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]"). In April 2017, Plaintiff had right knee tenderness and a right knee arthroscopy was recommended (Tr. 23, 306-08, 310-12).

5

The next month, Plaintiff underwent right knee surgery (Tr. 23, 313, 446). In June, she still had moderate tenderness with painful range of motion (Tr. 23, 320-21). She underwent a second right knee surgery in late June 2017 (Tr. 23, 471) and right knee surgical manipulation in August (Tr. 24, 343, 564). Shortly thereafter, the swelling in her knee decreased and her range of motion improved to 120/150 degrees (Tr. 24, 348). She reported experiencing only intermittent right knee pain (Tr. 24, 345). By September, her right knee swelling was "mild," and her range of motion had further improved to 125/150 degrees (Tr. 24, 351). By November, she had full range of motion (Tr. 24, 365).

Plaintiff underwent right ankle surgery in late December 2017 (Tr. 24, 390, 395). She underwent a revision surgery in April 2018 (Tr. 24, 373, 397) and, by August, no abnormalities were noted (Tr. 24, 761 (normal strength, reflexes, and gait)). In September 2018, Plaintiff had a limping gait and slightly reduced range of motion in her right knee (Tr. 24, 948-49). However, by February 2019 she was walking normally and had normal range of motion (Tr. 24, 574 ("Gait is steady . . . Range of motion intact in all extremities.")). In June 2019, she walked with a limp and her range of motion was slightly reduced (Tr. 24, 593). She had another right knee revision surgery in June 2019 (Tr. 25, 594). The next month, her right knee range of motion was 120/150 degrees, and all other findings were within normal limits (including a normal gait) (Tr. 25, 951). Afterwards, no relevant abnormalities were noted (Tr. 25, 748-50).

At an August 2020 physical consultative examination with Richard Ingebretsen, M.D., Plaintiff had a "slight" right-sided limp (Tr. 25, 716). She claimed that her knee hurt if she "walk[ed] on it for too long" (Tr. 714), and her ankle and foot were "much better now" but were still sore (Tr. 714). Her right knee was swollen and tender with decreased flexion and the right

6

foot and ankle were a "little tender" (Tr. 25, 716). Plaintiff reported that she could lift 25 pounds, but it would make her back hurt (Tr. 715). She was able to take care of her dogs and liked to walk them for exercise (Tr. 19-20, 715). She could force herself to clean the house, but then her back would hurt (Tr. 19). "Her right ankle and right knee will hurt sometimes as well" (Tr. 19, 715).

In January 2021, Plaintiff again sought care for right ankle pain (Tr. 25). She had some swelling and painful range of motion in her right calf, but the examination otherwise yielded normal findings (Tr. 25, 865-66). She could toe- and heel-walk "with ease" (Tr. 25, 865). She was given a brace to use on her ankle (Tr. 866). A February examination showed good muscle strength to all prime movers of the foot and ankle with adequate muscle tone and symmetry and full range of motion (Tr. 868). Plaintiff attended five physical therapy sessions between February and March 2021 (Tr. 25). She reported continued ankle and foot pain but was not wearing her brace and reported "difficulty shoveling snow at that time" (Tr. 25, 1006). A subsequent nerve conduction study of the lower legs yielded findings within normal limits and a conclusion that the "overall compromise appears to be mild"; though there were still some indications of right tibial nerve compromise at or near the tarsal tunnel (Tr. 25-26, 905).

Based on this objective medical evidence, the ALJ reasonably concluded that Plaintiff could perform a reduced range of sedentary work. *See* 20 C.F.R. § 404.1567(a). The ALJ summarized his conclusions as follows:

> As is indicated above, the claimant's allegations are not fully consistent with or supported by the medical evidence of record. Physically, while the claimant has received repeated surgical intervention, undergone physical therapy, received trigger point injections, and been prescribed narcotic and opioid medications for her musculoskeletal impairments, she has not presented on examination with abnormalities reasonably consistent with her

7

>allegations for any continuous period of 12 months. Rather, the claimant has presented with short-term exacerbations of her impairments that primarily resolved with treatment within 12 months. Her residual abnormalities consist of an approximately 25- degree loss of right knee range of motion and tenderness in her right knee, ankle, and foot. She has presented with no significant pain behavior (e.g., appearing in acute distress) or other deficits with motor, sensory, reflex, or strength function that have persisted for a period of at least 12 months. Notably, her gait has been normal during the vast majority of examinations since the alleged onset date of disability.

(Tr. 26). The ALJ supported his finding that Plaintiff's allegations were inconsistent with the objective medical evidence with more than the requisite scintilla of evidence required under the substantial evidence standard of review. *Biestek*, 139 S.Ct. at 1154.

The ALJ further supported his findings by pointing to Plaintiff's work record (Tr. 27). 20 C.F.R. § 404.1529(c)(3) (an ALJ must consider evidence about a claimant's prior work record). The ALJ noted that Plaintiff had a sporadic work record punctuated by periods of unemployment and underemployment in the years preceding the alleged onset date of disability (Tr. 27). She reported annual income below the presumptive substantial gainful activity threshold during all years preceding 2003, as well as during 2004, 2005, 2006, 2008, 2011, 2012, 2013, and 2016 (Tr. 27, 202-04). Second, she reported that she got a job with Sysco in February 2017 (one month before her alleged onset of disability) and was also going to school (Tr. 27, 652). In October 2017, she reported that she was "let go from Sysco and she thinks they wanted someone who speaks Spanish" (Tr. 27, 649). This admission that she did not leave employment as a result of a health-related impairment was relevant to a determination of disability. *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990). Third, she held herself out as being capable of working in January 2021 when she applied for two jobs with a veterinary

8

office (Tr. 27, 958). *See Petree v. Astrue*, 260 F. App'x 33, 41 (10th Cir. 2007) (claimant's continued search for work after being fired from his last job supported a finding he was not disabled).

Finally, the ALJ considered that Plaintiff's daily activities were inconsistent with her allegations of disabling limitations (Tr. 27-28). *See* 20 C.F.R. § 404.1529(c)(3)(i) (an ALJ must consider a claimant's activities). Contrary to her testimony that there were days in which she could not drive due to her PTSD, she reported driving daily in April 2018 (Tr. 19). She was the family's primary caregiver in June 2018 (Tr. 19). She was able to attend a concert in January 2019 and had recently traveled to Las Vegas (Tr. 19). In October 2019, she indicated she was looking for a position in armed security because if she could "sit a decent amount" "that would be good for her knee" (Tr. 19). In February 2020, she was able to go to Hawaii and planned to return there in March 2020. While in Hawaii, she "worked farmer's markets and giving tours" (Tr. 19). In March 2021, she reported that she had been noncompliant with her prescribed treatment and had difficulty shoveling snow (Tr. 20, 1006). *See Adcock v. Comm'r, SSA*, 748 F. App'x 842, 848 (10th Cir. 2018) (finding the ALJ reasonably discounted the claimant's subjective complaints based on "fairly extensive activities," where "she regularly attended church, AA, and other activities, frequently drove, and even drove one hour to her administrative hearing before the ALJ").

It was reasonable for the ALJ to consider all of these inconsistent statements and signs, in concluding that Plaintiff's allegations regarding her disabling limitations were not reliable. *See* 20 C.F.R. § 404.929(c). Based on the foregoing, the court affirms the ALJ's RFC finding as substantially supported and free from reversible legal error.

## IV. CONCLUSION

The ALJ's Decision is supported by substantial evidence and the correct legal standards were applied. The Commissioner's final decision is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 25 September 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah